01
02
03
04

05                   UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF WASHINGTON
06                          AT SEATTLE

07 JOSHUA OSMUN KENNEDY,                )
                                        )  CASE NO.    C10-1216-RAJ-MAT
08        Petitioner,                   )              (CR-08-354-RAJ)
                                        )
09        v.                            )
                                        )  REPORT AND RECOMMENDATION
10 UNITED STATES OF AMERICA,            )
                                        )
11        Respondent.                   )
   _____ )

12

13        Petitioner Joshua Osmun Kennedy, proceeding through counsel, moves pursuant to 28

14 U.S.C. § 2255 to vacate, set aside, or correct his 60-month sentence for transportation of child

15 pornography.  (Dkt. 1.)[1]  In this § 2255 motion, filed four months after filing a direct appeal,

16 Mr. Kennedy contends that he received ineffective assistance of counsel because trial counsel

17 should have moved to suppress the photographic evidence of child pornography found on his

18 computer.  Because Mr. Kennedy has failed to demonstrate extraordinary circumstances for

19 considering the § 2255 motion during the pendency of his direct appeal, the Court recommends

20 DISMISSING this habeas petition without prejudice to refiling it after the direct appeal is

21 decided.   The Court also recommends DENYING the issuance of a certificate of appealability.

22        _____

            1 The Court cites "Dkt." when referring to the § 2255 motion, and to "CR Dkt." when referring to the
   underlying criminal matter *United States v. Kennedy*, CR08-354-RAJ (filed Oct. 23, 2008).

01  It is unnecessary to hold an evidentiary hearing.

02                                **BACKGROUND**

03          The facts relevant to resolving the present § 2255 motion are not in dispute.   In the late

04  evening of November 9, 2007, Mr. Kennedy arrived on a flight from Mexico City to Seattle,

05  and was referred to a secondary inspection at the airport because his trip itinerary had included

06  Colombia, a source country for narcotics.   (CR Dkt. 160 (Tr. Aug. 25, 2009), at 5–6, 23.)   An

07  officer turned on Mr. Kennedy's computer and opened an image file that displayed what the

08  officer believed might be an underage female.   (*Id.* at 12–15.)   The officer detained Mr.

09  Kennedy's computer and placed it into an evidence locker at the airport.   (*Id*. at 16–17.)   On

10  the next business day, November 13, 2007, the computer was transported from the airport to the

11  Office of Immigration and Customs Enforcement ("ICE") office in Seattle so that the computer

12  could be examined forensically in a manner that would assure the computer had not been

13  tampered with by government officials.   (*Id.* at 55.)   When that examination uncovered

14  images that appeared to constitute child pornography, the government sought a search warrant,

15  which was obtained three days later.   (*Id.* at 56.)   On and after November 16, 2007, the

16  government searched the computer pursuant to the warrant and discovered approximately 5,000

17  images of children engaged in sexual acts.   (*Id.* at 99–100.)

18          In August 2009, Mr. Kennedy was convicted by jury of possession of child pornography

19  and transportation of child pornography.   (CR Dkt. 117, 120.)   In February 2010, the district

20  court vacated the possession count as a lesser-included offense and sentenced Mr. Kennedy to

21  60 months of imprisonment on the transportation of child pornography count.   (CR Dkt. 129.)

22  Mr. Kennedy filed a notice of appeal on March 5, 2010.   (CR Dkt. 134.)   That appeal remains

01  pending.  On July 28, 2010, Mr. Kennedy filed the present § 2255 motion.  (CR Dkt. 164;

02  Dkt. 1.)  Mr. Kennedy contends that while the government had the authority to conduct the

03  search on November 9, 2007, all subsequent searches violated the Fourth Amendment.  Mr.

04  Kennedy alleges that he received ineffective assistance of counsel because trial counsel never

05  moved to suppress the evidence obtained in the subsequent searches.

06  **DISCUSSION**

07  The government contends that Mr. Kennedy has failed to demonstrate extraordinary

08  circumstances to justify circumventing the general rule that a § 2255 motion should not be

09  considered during the pendency of an appeal.   The government is correct.

10  In *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987), the Ninth Circuit noted

11  that "[a] district court *should not* entertain a habeas corpus petition while there is an appeal

12  pending in this court or in the Supreme Court."  *See also United States v. Deeb*, 944 F.2d 545,

13  548 (9th Cir. 1991); Rules Governing § 2255 Proceedings in the District Courts, Rule 5, Adv.

14  Comm. Notes ("'We are of the view that there is no jurisdictional bar to the District Court's

15  entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly

16  administration of criminal law precludes considering such a motion absent extraordinary

17  circumstances.'") (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)).

18  "The reason for this rule is that disposition of the appeal may render the [petition] unnecessary."

19  *Feldman*, 815 F.2d at 1320 (quotations omitted).   Although the general rule of forbearance is

20  not jurisdictional, the petitioner seeking to bring a § 2255 motion during the pendency of an

21  appeal bears the burden of demonstrating that "'extraordinary circumstances' outweigh the

22  considerations of administrative convenience and judicial economy."  *United States v. Taylor*,

01  648 F.2d 565, 572 (9th Cir. 1981).

02      Mr. Kennedy has failed to demonstrate that extraordinary circumstances justify

03  considering his habeas petition during the pendency of his appeal.  To the contrary, Mr.

04  Kennedy's arguments illustrate precisely why the rule of forbearance exists.  Mr. Kennedy's

05  claim of ineffective assistance of counsel is based entirely on claimed violations of the Fourth

06  Amendment.  Mr. Kennedy is procedurally barred from raising Fourth Amendment claims in

07  the present habeas petition because he has the full and fair opportunity to raise them directly in

08  his pending appeal.  *See Stone v. Powell*, 428 U.S. 465, 494 (1976) (holding, in a 28 U.S.C.

09  § 2254 habeas petition, that Fourth Amendment claims are not cognizable on collateral review

10  so long as the defendant has a "full and fair" opportunity to litigate the claims); *see also United*

11  *States v. Johnson*, 457 U.S. 537, 562 n.20 (1982) (acknowledging the applicability of *Stone v.*

12  *Powell*'s procedural bar to § 2255 motions); *United States v. Hearst*, 638 F.2d 1190, 1196 (9th

13  Cir. 1980) (applying *Stone v. Powell*'s procedural bar to a § 2255 motion).  Should Mr.

14  Kennedy succeed on direct appeal—based on his Fourth Amendment or other claims—the

15  present habeas petition would be unnecessary.  Moreover, though ineffective assistance of

16  counsel claims are usually evaluated via § 2255 motions, nothing precludes the Ninth Circuit

17  from reviewing ineffective assistance of counsel on direct appeal when, as here, the record is

18  sufficiently complete to permit adequate evaluation.  *See United States v. Hanoum*, 33 F.3d

19  1128, 1131 (9th Cir. 1994) (holding that although ineffective assistance of counsel is usually

20  reached in a § 2255 motion because of the need to develop facts outside of the record, "[t]his

21  court can consider a claim of ineffective assistance of counsel on direct appeal if the record is

22  sufficiently complete to allow us to decide the issue").  Mr. Kennedy's argument involves only

REPORT AND RECOMMENDATION
PAGE -4

01  legal analysis of the extant record: he alleges that the second search was not supported by

02  reasonable suspicion and was not, in any event, a legitimate extended border search because it

03  was held later and at a different time; and that the evidence obtained from the warrant searches

04  should be excluded as fruit of the poisonous tree.  Mr. Kennedy never suggests that trial

05  counsel chose not to move to suppress based on evidence outside of the record; rather, he

06  contends that counsel performed deficiently because competent counsel would have identified

07  obvious Fourth Amendment violations.

08       The Court rejects Mr. Kennedy's unsupported, conclusory argument that it would be

09  more administratively efficient for this Court to consider his claim of ineffective assistance of

10  counsel claim in habeas proceedings before the Ninth Circuit issues its decision in the direct

11  appeal.  There is no impediment to the Ninth Circuit evaluating on direct appeal the Fourth

12  Amendment and ineffective assistance of trial counsel claims unless, as the government

13  suggests, appellate counsel has failed to raise these issues.  If appellate counsel has indeed

14  abandoned these claims, once the direct appeal has been resolved and Mr. Kennedy then files a

15  new § 2255 motion, the Court will at that time be in a better position to evaluate ineffective

16  assistance of trial *and* appellate counsel.

17       Mr. Kennedy argues that the Court should hold an evidentiary hearing to examine an

18  inconsistency in the testimony by the officer who initially searched his computer at the airport,

19  but that discrepancy was fully explored at trial and, in any event, Mr. Kennedy does not

20  challenge the propriety of the airport search or the discovery of what the officer believed to be a

21  photograph of an underage female.  (CR Dkt. 160, at 18–19 (Tr. Aug. 25, 2009) (officer

22  testifying that his initial report referred to files named "Romania" when they were in fact named

REPORT AND RECOMMENDATION
PAGE -5

01 "Chopsuey" because the desktop contained files employing both names); Dkt. 11-1 (excerpt of

02 the Tr. Aug. 25, 2009).)   Mr. Kennedy is not, therefore, entitled to an evidentiary hearing.   *See*

03 *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (holding that if a prisoner's

04 allegations do not state a claim for relief or are so palpably incredible as to warrant summary

05 dismissal, a court need not hold an evidentiary hearing).   Mr. Kennedy is not entitled to the

06 issuance of a certificate of appealability because an appeal would not raise material and

07 debatable questions about his entitlement to circumvent the rule of forbearance.   *Miller-El v.*

08 *Cockrell*, 537 U.S. 322, 342 (2003).   Mr. Kennedy should address whether a certificate of

09 appealability should be issued in his written objections, if any, to this Report and

10 Recommendation.

11                                              **CONCLUSION**

12          The Court recommends DENYING Mr. Kennedy's 28 U.S.C. § 2255 motion and

13 DISMISSING the habeas petition without prejudice to refiling after the direct appeal is decided.

14 The Court also recommends DENYING the issuance of a certificate of appealability.   The

15 record shows that an evidentiary hearing is unnecessary.   A proposed order is attached.

16          DATED this 29th day of November, 2010.

17

18                                                                  Mary Alice Theiler

19                                                                  United States Magistrate Judge

20

21

22

REPORT AND RECOMMENDATION
PAGE -6